**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2021-17T2

MICHAEL GERITY,

      Petitioner-Appellant/
      Cross-Respondent,

v.

NEW JERSEY TRANSIT,

      Respondent-Respondent/
      Cross-Appellant.

_____

Argued November 28, 2018 – Decided December 18, 2018

Before Judges Nugent and Reisner.

On appeal from the New Jersey Department of Labor and Workplace Development, Division of Workers' Compensation, Claim Petition No. 2006-7745.

Kevin P. Gilmartin argued the cause for appellant/cross-respondent (Rothstein, Mandell, Strohm & Halm, PC, attorneys; Kevin P. Gilmartin, on the briefs).

Stephanie L. Meredith argued the cause for respondent/cross-appellant (Brown & Connery, LLP, attorneys; Stephanie L. Meredith, on the briefs).

Richard B. Rubenstein argued the cause for amicus curiae New Jersey Advisory Council on Safety and Health (COSH) (The Blanco Law Firm, LLC, and Rothenberg, Rubenstein, Berliner & Shinrod, LLC, attorneys; Richard B. Rubenstein and Pablo N. Blanco, on the brief).

PER CURIAM

Petitioner Michael Gerity appeals, and respondent New Jersey Transit (NJT) cross-appeals, from a November 15, 2017 order issued by a judge of workers' compensation (JOC).[1]  We affirm the JOC's finding that Gerity is totally and permanently disabled.  We remand to the workers' compensation court as to several other issues, all of which the parties raised for the first time on appeal.

I

We begin by addressing the issue of petitioner's total and permanent disability.  The evidence was addressed in detail in the JOC's two written opinions issued in 2015, and can be summarized more briefly here.  In 2005,

---

[1]  The JOC originally decided this case in 2015, and issued an order on November 20, 2015.  Respondent filed an appeal in 2015, and petitioner filed a cross-appeal. Gerity v. New Jersey Transit, No. A-1560-15.  According to petitioner's brief, the parties agreed in 2016 that a remand was required to correct certain errors in the judgment.  By order dated March 22, 2016, we granted NJT's unopposed motion for a remand and did not retain jurisdiction.  The parties filed a new appeal and cross-appeal from the JOC's 2017 order entered after the remand.

petitioner was injured when another vehicle struck the bus he was driving for NJT. Through the workers' compensation system, he underwent multiple surgeries on his arms and neck. In two successive settlements, he received an award of sixty-six and two-thirds percent of permanent partial total disability in 2008, and seventy percent of permanent partial total disability in 2011. After still more surgery, he filed a second application for review and modification of the award in September 2012, seeking an award of permanent total disability. See N.J.S.A. 34:15-27; N.J.S.A. 34:15-36.

At the hearing, petitioner testified about his increasingly severe physical limitations in the use of his neck, hands and arms, and his complete inability to work. He presented several expert witnesses who opined as to his increased medical disability and his inability to work at all.

Petitioner's first expert, Dr. Riss, had examined petitioner several times over the years since his injury. Dr. Riss had always been of the opinion that petitioner was 100 percent disabled. His current findings, that petitioner's condition had continued to deteriorate, confirmed his opinion that petitioner was permanently and totally disabled. Dr. Riss gave detailed testimony explaining the extent to which petitioner's range of motion and hand strength had deteriorated over the years, leaving him completely unable to work.

Brian Daly, a vocational expert, testified that petitioner's physical limitations, combined with his educational limitations[2] and his age (then fifty-five), rendered him unemployable. Mr. Daly confirmed that, even if petitioner did not have problems with his lower back and his legs – issues not caused by the bus accident – he would still be unemployable due to the problems with his neck and arms. Daly explained why petitioner could not work as a security guard, and why petitioner's educational limitations made it unlikely that anyone would hire him for a white collar job.

Finally, petitioner presented testimony from Dr. Lawrence Eisenstein, an expert in neuropsychiatry. Dr. Eisenstein had examined petitioner in 2008, 2010, and 2013. Based on the 2013 examination, Dr. Eisenstein opined that petitioner had neurological deficits and psychiatric problems that, together, rendered him one hundred percent disabled.

Respondent presented testimony from Dr. Ivan Dressner, a neurologist. Dr. Dressner opined, essentially, that petitioner had no disability attributable to the accident; he was entirely capable of working; and petitioner's treating physicians had misdiagnosed him and subjected him to multiple unnecessary

---

[2] Petitioner testified that he attended special education classes in high school and had ADHD.

A-2021-17T2

operations. However, Dr. Dressner also testified that he had never personally viewed petitioner's MRI films, although it was his usual practice to examine MRI films when diagnosing a patient. He testified that he asked for the films multiple times, but they were not supplied to him.

Respondent also presented testimony from Dr. Arthur Canario, an orthopedic surgeon. Dr. Canario examined petitioner in 2007, 2011, and 2012. While Dr. Canario agreed that petitioner's percentage of disability had increased over the years, he opined that petitioner was not unemployable. For example, he believed petitioner could work in sales, a desk job, or a security job. However, Dr. Canario conceded he was unfamiliar with petitioner's limited educational background. Dr. Canario opined that the surgeries petitioner underwent were not medically necessary.

The JOC found that petitioner proved he was totally and permanently disabled, as set forth in N.J.S.A. 34:15-36, and as construed in Perez v. Pantasote, Inc., 95 N.J. 105, 116-18 (1984). The JOC credited the testimony of petitioner's experts rather than respondent's experts, for reasons he explained in his opinion. He also found that respondent did not present competent or credible evidence to support its position that petitioner "could work in some type of job if he were motivated to do so."

5

The JOC's detailed decision was based on his evaluation of petitioner's testimony and that of the parties' respective experts. We will not disturb the judge's factual findings so long as they are supported by sufficient credible evidence. Paul v. Baltimore Upholstering Co., 66 N.J. 111, 119 (1974). In applying that test, we owe deference to the judge's expertise and his opportunity to evaluate the credibility of the witnesses. Ibid. We find no basis to second-guess the judge's credibility determinations, and we conclude that the decision is supported by sufficient credible evidence.

We affirm the order finding petitioner totally and permanently disabled. Respondent's arguments on this point are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

II

We remand the case to the workers' compensation court as to three issues: the award of credits to the employer attributable to petitioner's prior awards of permanent partial total disability; the award of credits to the employer for petitioner's receipt of social security benefits; and the amounts of fees awarded to various expert witnesses.

Despite a prior remand in 2017, neither side raised any of those issues before the JOC. We delineate them briefly here. First, at oral argument of this

appeal, the employer's counsel conceded that the decision contains an error with respect to the social security credits. We decline the employer's invitation to exercise original jurisdiction as to the social security credits. This conceded error requires a remand to correct the award.

Second, petitioner and an amicus curiae, New Jersey Advisory Council on Safety and Health, argue that the JOC erred in awarding the employer credits for petitioner's prior partial disability award. They characterize this as an important and novel issue. In the interests of justice, we will not deem the issue waived because it was not raised in the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, out of deference to the expertise of the JOC and to ensure that we have a proper record in case of a further appeal, we conclude that all parties should have the opportunity to brief the issue before the JOC, and the JOC should decide the issue in the first instance. Accordingly, we also remand for that purpose. Depending upon how the JOC decides the issue on remand, the JOC may also need to recalculate the fee award to petitioner's counsel.

Third, there are issues concerning the fees allowed to some of the expert witnesses. The parties disagree as to whether Daly, petitioner's vocational expert, should have received a $2500 fee award. On its face, the amount of the

award seems more appropriate to a medical expert. However, the JOC's opinion gave no explanation for the amount of the award, and as previously noted, neither side brought the issue to the judge's attention, even on the 2017 remand. In addition, NJT contends that the awards to Dr. Eisenstein and Dr. Riss were too high, an issue petitioner's responding brief did not address. Because the case must be remanded in any event, we remand the fee issues for the JOC's reconsideration.

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION